```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
R.S., et al,                                                       :
                              Plaintiffs,                          :
                                                                   :
T.W.C., by his parents and next friends,                           :     21-cv-10596 (LJL)
E.Y. and T.C., and E.Y. and T.C.                                   :
individually, and A.W., by his parents and                         :     MEMORANDUM AND
next friends, F.S. and N.W., and F.S. and                          :          ORDER
N.W., individually                                                 :
                    Proposed-Plaintiffs-Intervenors,               :
                                                                   :
               -v-                                                 :
                                                                   :
NEW YORK CITY DEPARTMENT OF                                        :
EDUCATION,                                                         :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2022

LEWIS J. LIMAN, United States District Judge:

T.W.C., by his parents and next friends, E.Y. and T.C., and E.Y. and T.C. individually, and A.W., by his parents and next friends, F.S. and N.W., and F.S. and N.W., individually ("Proposed Intervenors") move, pursuant to Federal Rule of Civil Procedure 24(b) to intervene in this action.  Dkt. No. 42.  Defendant, the New York City Department of Education ("Defendant") opposes the motion.  Dkt. No. 46.

Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . (b) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  Rule 24(b)(3) further instructs: "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see New York v. United States Dep't of Health and Human Servs.*, 2019 WL 3531960, at * 3 (S.D.N.Y. Aug. 2, 2019).

"A 'district court's discretion under Rule 24(b) is broad.'" *Id.* (quoting *Restor-A-Dent Dental Labs, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)). "The 'principal consideration' for permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 2021 WL 1051625, at *8 (S.D.N.Y. Mar. 19, 2021) (quoting *Battle v. City of New York*, 2012 WL 112242, at *6 (S.D.N.Y. Jan. 12, 2012).

Proposed Intervenors have established, and Defendant does not dispute, that they make claims that share with the main action a common question of law. The principal legal question raised in the main action is whether an unappealed interim order on pendency may serve as the basis for pendency in future proceedings. Second Amended Complaint ("SAC") Dkt. No. 24 ¶ 55. The Prayer for Relief in the SAC calls for a declaratory judgment that "[a]n unappealed decision on pendency by an impartial hearing officer constitutes a decision on the merits of the pendency placement and therefore constitutes an agreement on pendency. An unappealed decision on pendency by an impartial hearing officer therefore establishes pendency in subsequent due process proceedings until such time as the parties agree on placement on a pendent placement or a final decision by a hearing officer or court determines the student's placement." *Id.* at 13–14 (Prayer for Relief). The proposed complaint in intervention raises the same legal question and seeks the identical declaratory relief. Dkt. No. 42-1 at 11 (Prayer for Relief). Defendant does not dispute that the Proposed Intervenors' claim shares a common question with the main action, that the cases raise a purely legal question, or that the Plaintiffs and the Proposed Intervenors are identically situated with respect to the single fact that is of consequence—they each have unappealed interim Orders on Pendency. Dkt. No. 43 at 5.

An order granting permissive intervention will not unduly delay the action or prejudice the adjudication of the rights of the original parties.  Although this action was first filed on December 13, 2021,  Dkt. No. 6,[1] the operative SAC was not filed until March 18, 2022.  Dkt. No. 24.  The parties' cross-motions for summary judgment only became fully submitted on August 15, 2022,  Dkt. No. 41, and Proposed Intervenors filed this motion fewer than 30 days later, on September 12, 2022.  Dkt. No. 42.  There should be no delay as a result of intervention.  Proposed Intervenors have indicated that they are prepared to stand on the summary judgment briefs submitted by Plaintiffs.  Dkt. No. 47 at 6.   Although the Court will grant Defendant seven days to determine whether it will need an additional brief to address questions distinctive to the Proposed Intervenors, Defendant does not argue that it will need to file an additional brief and it is not apparent that there would be any need for it to do so.

Permissive intervention here is in the interest of judicial efficiency.  Defendant in the main action raised for the first time on August 15, 2022, the argument that Plaintiffs' complaint is moot because Plaintiffs' impartial hearing officer, on July 7, 2022, issued a Findings of Fact and Decision ("FOFD") in Plaintiffs' favor in the underlying administrative proceeding and Defendant reached a determination not to appeal the FOFD.  Dkt. No. 41 at 5.  Although Plaintiffs disagree and argue that their action is not moot as Defendant has not paid the tuition sought in the case and on the theory that their claim is a matter that is capable of repetition yet evading review,  Dkt. No. 40 at 7, permissive intervention will permit the Court to decide the substantive legal question that is now fully briefed without the need presumably to worry about mootness.  That substantive legal question is already before this Court.  Denial of intervention

---

[1] Plaintiffs first attempted to file their complaint on December 10, 2021.  The complaint was rejected by the Clerk of the Court as deficient.  Dkt. No. 1.

3

would only require a new filing before a new District Court judge with a new set of briefs. That outcome would disserve judicial efficiency.

Defendant argues that the motion is untimely because, as to T.W.C., pendency placement has been a continuous point of contention since the 2019–2020 school year and, for A.W., it has been a point of contention since at least the 2021–2022 school year. Dkt. No. 46 at 4. Defendant also argues that the existing parties would be prejudiced because they have "engaged in discovery and extensive motion practice and the Parties' dispositive motions have now been fully briefed." *Id.* at 5. Those arguments are not persuasive. In determining whether a motion to intervene is timely, the Court considers: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). The Court has already considered the second factor. The "prejudice to the applicant" in having to restart the action and file a new set of briefs if intervention is denied is apparent, and there are no unusual circumstances militating against a finding of timeliness. As to the first factor, the timeliness of the motion to intervene is not measured from when the Proposed Intervenors' dispute with the Defendant began but turns on "how long the intervenors had notice or should have had notice of their interest in the original claim before moving." *Amerio v. Gray*, 2020 WL 4192618, at *7 (N.D.N.Y. July 21, 2020) (citing *Catanzano ex rel. Cantanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)). Until Defendant's August 15, 2022, reply memorandum in support of summary judgment in which it argued mootness, Proposed Intervenors had reason to believe that Plaintiffs' claims would be sufficient to protect their interests. It was not until that memorandum that Plaintiffs' ability to press the common issue

was called into question and then Proposed Intervenors moved extremely promptly to file their motion.

Moreover, while Defendant protests that discovery has been completed, there has been no discovery in this case—at the request of the parties, and there is no reason to believe that there would be discovery if intervention is permitted. On April 7, 2022, the parties filed a proposed Case Management Plan and Scheduling Order that indicated that discovery was not applicable in the case. Dkt. No. 26. The jointly-prepared proposed Case Management Plan and Scheduling Order stated: "This case arises under the Individuals with Disabilities Education Act (IDEA) and involves an appeal of the decision by the State Review Office. As is the norm with such cases, the parties agree that no discovery is necessary because Defendant has requested and is awaiting receipt of the certified administrative record from the State Review Office. Upon receipt, the record will be digitized and provided to Plaintiff and filed with the Court under seal." *Id.* at 4. The parties requested that the Court set a schedule for the filing of summary judgment motions. *Id.* The Court approved the proposed schedule for the filing of motions and cancelled the initial pretrial conference. Dkt. No. 28. The further fact that the summary judgment motion is now fully briefed is of no weight where, as here, the Proposed Intervenors have indicated that they will not require further briefing of that motion and Defendant has not asked for a further brief.

Proposed Intervenors' motion for intervention, Dkt. No. 42, is granted. Proposed Intervenors hall file their proposed complaint in intervention no later than October 24, 2022. Defendant shall inform the Court by letter filed on ECF no later than October 28, 2022 whether it requires further briefing on any issues distinctive to the Proposed Intervenors. In the absence of a request for further briefing, the Court will decide the cross motions for summary judgment on the basis of the record as currently submitted.

5

The Clerk of Court is respectfully directed to close Dkt. No. 42.

SO ORDERED.

Dated: October 21, 2022
      New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge